HARRY N. BAETJER ET AL., Appellants, *v.* REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 939.   Decided April 4, 1935.

*E. T. Fiddler* and *Jorge M. Morales* for appellants.   The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

There is pending in this case a motion filed by the appellants requesting an order extending the term of 120 days during which the cautionary notice entered by the registrar upon refusing to record the documents involved herein would be in effect, because the said term has expired and this court has not yet decided whether or not the said documents should be recorded.

As neither statutes nor cases were cited in support of the motion, it was decided to hear the appellants as well as the registrar, in writing, on the point.

The appellants maintain that since it was decided by this Supreme Court in the case of *Rodríguez* v. *Registrar*, 43 P.R.R. 124, that ''Where an appeal is taken from the deci-

sion of the registrar during the statutory period of effect-iveness of a cautionary notice, entered when refusing to record an instrument by reason of an incurable defect, the appeal does not suspend the running of the said period," it is necessary that this court act, extending the term, in order that their rights may not be prejudiced by delay in the decision of the appeal.

The registrar, after a careful study of the question raised, maintains in conclusion that section 96 of the Mortgage Law was tacitly repealed by the Administrative Appeals Act of 1902, and that even if it had not been repealed, but only amended, by the said act, the power to extend provided in the same could only be exercised for the purposes of curing the defect which was the ground for the refusal to record the document, but never for the purpose of maintaining the *status quo* pending the decision of the appeal from the ruling of the registrar.

There is no provision of law which directly solves the problem. There is only the said section 96 of the Mortgage Law which says:

"The cautionary notice required as a consequence of the impossibility of making the record on account of curable defects in the instrument presented, shall become ineffective 60 days after its date.

"This period may be extended to 180 days for good cause upon an administrative resolution of the presiding judge of the audiencia of the territory, unless the deed presented shall emanate from a judicial decision, in which event it may be extended only by another of the same class."

This section is predicated on cautionary notices entered as a result of denials made on the ground of curable defects. Since 1902, when the said Administrative Appeals Act was enacted, record is not denied on the ground of curable defects, but on the ground of defects which the registrar considers incurable. The system has changed. Does the power to extend a cautionary notice subsist as to denials as now

made? We believe that necessity and justice demand that the question be answered in the affirmative.

At present, in accordance with section 7 of the said Administrative Appeals Act (Comp. Stat. 1911, p. 425), whenever the registrar shall refuse to record any document, he shall enter a cautionary notice which will be effective during 120 days.

The lawmaker considered that term as sufficient for the Supreme Court to decide whether or not the denial of the registrar was proper, and accordingly there were fixed, in sections 2 and 3 of the act, short terms for taking and deciding appeals. Experience, however, has shown that while this is so in the great majority of cases, in some the term is not sufficient, as happens in the very case we are now considering.

Here the denial of the registrar bears date of November 6, 1934. The appellants were notified on the 13th of the same month, and after they took the present appeal, the record was filed in the office of the Secretary of this Supreme Court on December 1. On December 4, the registrar himself requested an extension of time to file his brief, a request which he renewed on December 22, and on January 24, the brief having been finally filed on February 6, 1935. It contains 156 pages. The appellants then requested leave to reply to the registrar's brief and their reply was filed on March 11. The registrar asked leave to reply on March 12, and he was granted until March 30, on which date he filed his reply. It seems that far-reaching questions are involved and the fact is that the 120 days fixed by section 7 of the Administrative Appeals Act of 1902 elapsed before the appeal was even definitely submitted to this court for decision.

On the facts stated, since the lawmaker did not state that the term fixed by the said section 7 of the Act of 1902 could not be extended, and since there exists the precedent of section 96 for a situation which, although not identical with this

one, has a certain resemblance to it, we think that an extension would be proper, and should be granted following the rule laid down in the said section 96 of the Mortgage Law and the corresponding provisions of the Regulations.

In the case of *Llull* v. *The Registrar*, 21 P.R.R. 355, in which, in an action brought in the District Court of Mayagüez, an extension of an entry made in the Registry of Property of Aguadilla was ordered and the registrar refused to enter the extension because he considered that the term of 120 days fixed by section 7 of the said Act of 1902 could not be extended, this court reversed the decision and ordered the registrar to make the entry which he had denied.

That case cannot be invoked as a precedent, because in reality this court only decided that inasmuch as a judicial order issued with jurisdiction was involved, the registrar had no power to refuse to comply with it. It is cited here simply to illustrate the necessity which arises at times to extend the term of the cautionary notice for just cause.

The registrar referred to another question in his brief, that is, that since the extension was requested after the expiration of the term, it cannot be granted. He is right. The term cannot be extended, but since in accordance with the law in force, the courts have power to grant new terms, if justice demands it, such a request may always be granted, as will be done in this case which is considered meritorious.

For the reasons stated, an order should be issued extending to May 31, 1935, the legal effects of the cautionary notice entered in the Registry of Property of Guayama at folio 57 of volume 80 of Cayey, property No. 2953, entry A, as a result of the denial from which appellants took this administrative appeal, within which the motion which we have considered and decided was filed.